1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FONDA WHITFIELD, THE ESTATE
     OF DEON WHITFIELD,

11
                Plaintiffs,              No. CIV S-04-2729 GEB JFM
12
          vs.
13
     STATE OF CALIFORNIA, ET AL.,        ORDER
14
                Defendants.
15   _____/

16   ALAN FEASTER, et al.,

17              Plaintiffs,              No. CIV S-04-2730 GEB JFM

18        vs.

19   STATE OF CALIFORNIA, ET AL.,        ORDER

20              Defendants.

21   _____/

22        Defendants' June 16, 2006 motion for protective order and plaintiffs' June 26,

23   2006 motion to compel discovery came on regularly for hearing July 20, 2006.  Plaintiffs were

24   represented by Sonia M. Mercado.  Jesse Rivera appeared for defendant Jerry Harper.  Stephen P.

25   Acquisto, Deputy Attorney General, appeared for the remaining state defendants.  Upon review

26   of the motion and the documents in support and opposition, upon hearing the arguments of

                                            1

1  counsel and good cause appearing therefor, THE COURT FINDS AND ORDERS AS

2  FOLLOWS:

3          Unless otherwise ordered by the court or stipulated by the parties, leave of court

4  must be obtained to take a deposition that would result in more than ten depositions being taken

5  per side. Fed. R. Civ. P. 30(a)(2)(A).  When a party seeks leave to take more than ten

6  depositions, the court's decision whether to grant such leave is governed by the principles set out

7  in Rule 26(b)(2), which provides, in pertinent part:

8          The frequency or extent of use of the discovery methods otherwise
          permitted under these rules and by any local rule shall be limited
9          by the court if it determines that: (i) the discovery sought is
          unreasonably cumulative or duplicative, or is obtainable from some
10         other source that is more convenient, less burdensome, or less
          expensive; (ii) the party seeking discovery has had ample
11         opportunity by discovery in the action to obtain the information
          sought; or (iii) the burden or expense of the proposed discovery
12         outweighs its likely benefit, taking into account the needs of the
          case, the amount in controversy, the parties' resources, the
13         importance of the issues at stake in the litigation, and the
          importance of the proposed discovery in resolving the issues.

14  Id.

15         Plaintiffs have demonstrated that the discovery sought is not unreasonably

16  cumulative or duplicative, that it is not obtainable from some other source that is more

17  convenient, less burdensome, or less expensive; and that plaintiffs have not had ample

18  opportunity through discovery to obtain the information sought (plaintiffs are still reviewing

19  discovery provided May 9, 2006).  The burden or expense of the proposed discovery does not

20  outweigh its likely benefit, particularly taking into account the complex nature of this civil rights

21  action, the amount in controversy, the parties' resources, the importance of the issues at stake in

22  the litigation, and the importance of the proposed discovery in resolving the issues.  Many of the

23  witnesses plaintiffs seek to depose are central percipient witnesses, all of the witnesses are

24  employed by defendants, and some of the identities of the witnesses were only disclosed on May

25  9, 2006.  Plaintiffs have shown good cause why the additional depositions are necessary.

26  /////

1    Accordingly, defendants' motion for protective order will be denied and plaintiffs

2  will be granted permission to proceed with the requested 16 depositions, as well as the deposition

3  of Jerry Harper, which was continued while he obtained outside counsel.  However, plaintiffs are

4  cautioned that they must seek leave of court before noticing the deposition of any witness not

5  included herein.

6    Plaintiffs' request for sanctions will be denied.

7  Plaintiffs' Motion to Compel  Further Responses to Requests for Production, Set No. 2

8    The court now turns to plaintiffs' motion to compel.  Plaintiffs propounded 76

9  requests for production in set no. 2.  The parties have resolved some of the disputes through the

10  Local Rule 37-251 process; the court will address the remaining requests at issue seriatim.

11    Request No. 3.  "All writings by Eldon E. Olson Ph.D. to any administrator at

12  Preston including, but not limited to Jeff Harada, the Superintendent of Preston, the Chief of

13  Security at Preston, the School Superintendent at Preston, and the Program Administrator at

14  Preston."

15    Defendants' objection that this request is overbroad is well taken.  Plaintiffs did

16  not limit the subject matter of the request to the claims herein.  The request, at least as written in

17  the 251 stipulation, does not state "which reflect the care and treatment afforded the decedent

18  while he was in the care and custody of defendants" as plaintiffs stated in their response to

19  defendants' objections.  However, defendants shall amend their response to clearly state, under

20  oath and if true, that a diligent search has been made and that the documents produced in

21  "Attachment 1" contain all writings in their possession, custody or control, from or to Dr. Olson,

22  that had any bearing on (1) the decedents; (2) the subject suicides or similar incidents; and (3) Dr.

23  Olson's concerns about the placement of "mental health" wards in the housing unit where the

24  suicides occurred.  If such a statement cannot be made after a diligent search, then additional

25  documents shall be produced until it is possible to verify, under oath, that a diligent search has

26  been made and all documents described above have been produced.

1      Plaintiffs object that the documents contained within "Attachment 1" were not

2  Bates-stamped and defendants have not specifically identified which document is responsive to

3  which request.  Defendants respond that there were only seven pages of documents in

4  "Attachment 1."[1]  Although defendants were not required to Bates-stamp such a small number of

5  documents, defendants are required to make clear in their responses which documents are

6  responsive to which document request.  Accordingly, defendants shall also amend their response

7  to request no. 3 to specifically identify, either by date/author or page number, which of the

8  documents in "Attachment 1" are responsive to request no. 3.

9      Request No. 4: "All writings by Eldon E. Olson Ph.D. to his superiors at CYA."

10      Defendants' objection that this request is overbroad is well taken.  Plaintiffs did

11  not specify the subject matter of the writings sought.  However, if defendants maintain they have

12  produced all writings in their possession, custody or control, from Dr. Olson to his superiors at

13  CYA, that had any bearing on (1) the decedents; (2) the subject suicides or similar incidents; or

14  (3) Dr. Olson's concerns about the placement of "mental health" wards in the housing unit where

15  the suicides occurred, then defendants shall amend their response to request no. 4 to so state and

16  shall specifically identify, by date/author or page number which of the attached documents are

17  responsive to request no. 4.  As described in the ruling on Request No. 3, above, defendants shall

18  make a diligent search for any of the three categories of documents described above and shall

19  state, under oath, that a diligent search has been made and all responsive documents produced.

20      Request No. 5: "All writings by Eldon E. Olson Ph.D. to administrators at CYA

21  and/or Preston regarding mental health care of wards."

22      Defendants' objections that the request is vague, ambiguous and overbroad are

23  overruled.  If the documents appended in "Attachment 1" are all of these writings that have been

24  found after a diligent search, defendants shall amend their response to so state, under oath.  If

25

26      [1]  Neither party appended a copy of "Attachment 1," so the court must take counsel's
word for the description of same.

4

1  such a statement cannot be made with regard to the documents produced so far, further search

2  and production shall be made until it is possible to make such a statement truthfully.  Defendants

3  shall also specifically identify, by date/author or page number, which of the documents in

4  "Attachment 1" are responsive to request no. 5.

5         Request No. 11: "The 1995 report by Dr. Eldon E. Olson, Senior Psychologist at

6  PYCF and Dr. Daniel Cashman, Chief Medical Officer at PYCF, on the areas of serious concern

7  regarding delivery of mental health services and medical services to wards at CYA."

8         Defendants' objections that this request is overly burdensome, overbroad, vague

9  and ambiguous are overruled.  Defendants' objections that this 1995 report, if it exists, is too

10  remote to be relevant is also overruled.  Defendants state they have inquired as to obtaining a

11  copy of the report and will provide it to plaintiffs upon receipt.  Defendants shall conduct a

12  diligent search for this report and shall either produce it forthwith or provide a sworn declaration

13  of an appropriate person that it cannot be found.

14         Request No. 15: "All correspondence from Dr. Eldon E. Olsen to Dr. Douglas

15  Allen."

16         Defendants' objection that this request is overbroad is well taken.  Plaintiffs did

17  not specify the subject matter of this request.

18         Request No. 16: "Any evaluation or report of psychological services ordered on

19  1/12/2000 completed by Dr. Douglas Allen.

20         Defendants' objections that this request is vague, overbroad, ambiguous and

21  irrelevant are overruled.  Defendants shall produce the report forthwith.  If no such document can

22  be found after a diligent search, a statement under oath to that effect shall be supplied.

23         Request No. 17: "All letters from parents and/or ward's representatives

24  complaining and/or inquiring about their children's mental and medical health care for the time

25  period of January 1, 1999 to the date of production."

26  /////

1    Defendants' objections are sustained.  The request is overbroad and plaintiffs have

2    not demonstrated its relevance herein.

3    Request No. 18: "All correspondence to CYA authorities from mental health staff

4    regarding suggestions and proposed changes to the administration of the mental health facilities

5    at Ione."

6    Defendants object on the grounds that this request is overly burdensome, vague,

7    overbroad and ambiguous and is not relevant to this lawsuit and is unlikely to lead to the

8    discovery of admissible evidence.  Defendants further object that the request is vague as to the

9    term "administration of mental health facilities."  Complying with this request is likely to be

10   burdensome, but considering the subject matter it is not overly burdensome.  Further, since

11   plaintiff will likely be required to prove at trial that one or more of the defendants deliberately

12   disregarded serious medical needs of decedents, it is quite likely that this request will lead to the

13   discovery of admissible evidence.  Defendants' objections are overruled and they are required to

14   produce, for the time frame from January, 2000 to the date of production, the described

15   correspondence for inspection and copying within thirty days from the date of this order.

16   Request No. 19:   "All writings by Jeff Harada to the administration at CYA

17   regarding mental health care of wards."

18   Defendants object that this request is overly burdensome, vague, overbroad and

19   ambiguous.  Without waiving their objections, defendants stated they had previously provided

20   writings by Jeff Harada relative to this lawsuit in their response to plaintiffs' first request for

21   production of documents.  Defendants' objections are overruled.  Defendants shall amend their

22   responses to specifically identify, by date/author or page number, those documents responsive to

23   this request.  Defendants shall also produce all documents responsive to this request

24   accompanied by a sworn document that all responsive documents have been provided.

25   Request No. 20: "All writings by Jeff Harada regarding the "Stanford Study

26   Project."

1          <u>Request No. 21:</u> "All writings by Jeff Harada regarding the death of Deon

2  Whitfield."

3          <u>Request No. 22:</u>   All writings by Jeff Harada regarding the death of Durrell

4  Feaster."

5          <u>Request No. 23:</u> All statements by Jeff Harada regarding Deon Whitfield."

6          Defendants object to these requests as overly burdensome, vague, overbroad and

7  ambiguous.  Without waiving their objections, defendants stated they had previously provided

8  writings by Jeff Harada relative to this lawsuit in their response to plaintiffs' first request for

9  production of documents.  Defendants' objections are overruled.  Defendants shall amend their

10  responses to specifically identify those documents responsive to each request.  They shall also

11  provide a sworn declaration that all responsive documents have been provided.

12          <u>Request No. 24:</u> "All writings by Dr. Paraguan to the administration at CYA

13  regarding mental health care of wards."

14          Defendants' objections that this request is overly burdensome, vague, overbroad,

15  ambiguous and not limited as to time are overruled.  Plaintiffs noted at the beginning of their

16  request for production that the request was limited to January 2000 to the date of production

17  unless the request stated a different time frame.  Defendants shall amend their response to request

18  no. 24 to state, under oath, whether such documents exist and, if they do, defendants shall

19  produce them forthwith.

20          <u>Request No. 25:</u> "All writings by Dr. Paraguan regarding the "Stanford Study

21  Project."

22          Defendants' objections that this request is overly burdensome, vague, overbroad,

23  ambiguous and not limited as to time are overruled.  Plaintiffs noted at the beginning of their

24  request for production that the request was limited to January 2000 to the date of production

25  unless the request stated a different time frame.  Defendants shall produce all documents

26  responsive to this request and a sworn statement that all such documents have been produced.  If

1    defendants have previously produced documents responsive to this request, defendants shall

2    identify the documents by date/author or page number.

3           Request No. 26: "All writings by Dr. Paraguan reflecting his evaluation of Dr.

4    Hamid Sial."

5           Defendants' object that this request is overly burdensome, vague, overbroad, and

6    ambiguous.  Defendants state they have previously provided the contents of Dr. Sial's personnel

7    file, which would include any job performance evaluations.  Defendants' objections are

8    overruled.  If defendants have previously produced some documents responsive to this request

9    they shall specifically identify such documents by date, author, or page number.  All further

10   responsive documents shall be produced together with a sworn declaration that all responsive

11   documents have been provided.

12          Request No. 27: "All writings by Dr. Paraguan regarding the death of Deon

13   Whitfield."

14          Request No. 28:  "All writings by Dr. Paraguan regarding the death of Durrell

15   Feaster."

16          Request No. 29:  "All statements by Dr. Paraguan regarding Deon Whitfield."

17          Defendants object that these requests are overly burdensome, vague, overbroad,

18   and ambiguous.  Defendants state they have previously provided all documents relative to the

19   death of Deon Whitfield.  Defendants' objections are overruled.  Defendants shall amend their

20   responses to specifically identify, by date/author or page number, the document or documents

21   responsive to requests no. 27, 28 and 29.  Defendants shall also, if it is true, provide a sworn

22   declaration that they have produced all responsive documents that could be found after a diligent

23   search.  If this is not presently true, then they will keep searching and producing until such a

24   declaration is true.

25          Request No. 30:  "All writings by Hamid Sial to the administration at CYA

26   regarding mental health care of wards."

1         Request No. 31: "All writings by Hamid Sial regarding the "Stanford Study

2   Project."

3         Defendants object that these requests are vague, overbroad, ambiguous and

4   irrelevant.  These objections are silly and border on contempt.  Defendants shall produce all

5   documents responsive to this request.

6         Request No. 32: "All writings by Hamid Sial regarding the death of Deon

7   Whitfield."

8         Request No. 33: "All writings by Hamid Sial regarding the death of Durrell

9   Feaster.

10        Request No. 34: "All writings by Hamid Sial regarding Deon Whitfield."

11        Defendants object to these requests as overly burdensome, vague, overbroad and

12  ambiguous.  Without waiving their objections, defendants stated they had previously provided all

13  documents relative to the deaths of Feaster and Whitfield in their response to plaintiffs' first

14  request for production of documents.  Defendants' objections are overruled.  Defendants shall

15  amend their responses to specifically identify, by date/author or page number, those documents

16  responsive to requests no. 32, 33 and 34.  If defendants have already produced all documents

17  responsive to these requests they shall file a sworn declaration to that effect.  If they cannot

18  provide such a declaration, they shall get to work and keep working until they can do so

19  truthfully.

20        Request No. 35: "All writings by Walter Allen III to the administration at CYA

21  regarding mental health care of wards."

22        Defendants' objections that this request is overly burdensome, vague, overbroad,

23  ambiguous and not limited as to time are overruled.  Plaintiffs noted at the beginning of their

24  request for production that the request was limited to January 2000 to the date of production

25  unless the request stated a different time frame.  Defendants shall produce all documents

26  responsive to this request forthwith.

1           Request No. 36: "All writings by Walter Allen III regarding the "Stanford Study

2 Project."

3           Defendants' objections that these requests are vague, overbroad, ambiguous and

4 irrelevant are overruled.  Defendants shall produce all documents responsive to this request

5 forthwith.

6           Request No. 37: "All writings by Walter Allen III regarding the death of Deon

7 Whitfield."

8           Request No. 38:   "All writings by Walter Allen III regarding the death of Durrell

9 Feaster."

10           Defendants object that these requests are overly burdensome, vague, overbroad,

11 and ambiguous.  Defendants state they have previously provided all documents relative to the

12 death of Deon Whitfield.  Defendants' objections are overruled.  Defendants shall amend their

13 responses to specifically identify, by date/author or page number, the document or documents

14 responsive to requests nos. 37 and 38.  If defendants have already produced all documents

15 responsive to these requests they shall file a sworn declaration to that effect.  If they cannot

16 provide such a declaration, they shall get to work and keep working until they can do so

17 truthfully.

18           Request No. 39: "All writings by Walter Allen III to Eldon E. Olson."

19           Request No. 40: "All writings by Walter Allen III regarding the memorandum to

20 him from Eldon E. Olson."

21           Defendants' objections that these requests are overbroad are sustained.  Plaintiffs

22 did not limit the subject matter of this request.  However, defendants shall amend their response

23 to specifically identify, by date/author or page number, what document or documents in

24 "Attachment 1" are responsive to requests nos. 39 and 40.

25           Request No. 41: "All writings by Jerry Harper to the administration at CYA

26 regarding mental health care of wards."

1          Request No. 42: "All writings by Jerry Harper regarding the "Stanford Study

2  Project."

3          Defendants object that these requests are overbroad, vague and ambiguous and

4  may seek confidential or privileged information.  Without waiving these objections, defendants

5  stated they do not have responsive documents within their possession, custody or control.

6  Defendants' objections are overruled.  Defendants are not required to produce documents not in

7  their possession or under their control.  By this point in this order defendants should know what

8  is needed next.  Defendants shall either file a sworn declaration declaring that a diligent search

9  has been made for responsive documents and nothing has been found, or they must conduct such

10  a search and produce any responsive documents found.

11          Request No. 43: "All writings by Jerry Harper regarding the death of Deon

12  Whitfield."

13          Request No. 44: "All writings by Jerry Harper regarding the death of Durrell

14  Feaster."

15          Request No. 45: "All writings by Robert L. Randolph, Ph.D. regarding the

16  circumstances surrounding the death of Deon Whitfield."

17          Defendants object that these request are overly burdensome, vague, overbroad and

18  ambiguous.  Without waiving their objections, defendants stated they had previously provided all

19  documents related to the deaths of Whitfield and Feaster in their response to plaintiffs' first

20  request for production of documents.  Defendants' objections are overruled.  Defendants shall

21  amend their responses to specifically identify, by date/author or page number, those documents

22  responsive to requests no. 43, 44 and 45.  Defendants shall also complete the procedure described

23  in the last sentence of the ruling on Request No. 42.

24          Request No. 46: "All writings by Robert L. Randolph, Ph.D. regarding the

25  Stanford Study Project."

26          Defendants' objections that this request is overly burdensome, vague, ambiguous,

1    overbroad and irrelevant are overruled.  Defendants shall amend their response to request no. 46

2    to identify whether said documents exist and, if they do, produce them forthwith.  If defendants

3    have previously produced documents responsive to this request, defendants shall identify the

4    documents by date/author or page number.  Defendants shall also follow the procedure described

5    in the last sentence of the ruling on Request No. 42.

6                   Requests Nos. 47 - 60:  text of requests omitted

7                   Defendants object that these requests are overly burdensome, vague, overbroad

8    and ambiguous.  Without waiving their objections, defendants stated they had previously

9    provided all documents related to the deaths of Whitfield and Feaster in their response to

10   plaintiffs' first request for production of documents.  Defendants' objections are overruled.

11   Defendants shall amend their responses to specifically identify, by date/author or page number,

12   those documents responsive to requests nos. 47 - 60.  Again, defendants shall follow the

13   procedure described in the last sentence of the ruling on Request No. 42.

14                  Request No. 62:  "All writings, including statements, reports, tape or video

15   recording, memoranda from any *ward* regarding Decedent."

16                  Defendants' objections that this request is vague, overbroad, ambiguous and

17   irrelevant are overruled.  All items responsive to this request shall be produced for inspection

18   and/or copying within ten days from the date of this order.

19                  Request Nos. 63-75:  text of requests omitted

20                  Defendants object that these requests are overly burdensome, vague, overbroad

21   and ambiguous.  Without waiving their objections, defendants stated they had previously

22   provided all documents related to the deaths of Whitfield and Feaster in their response to

23   plaintiffs' first request for production of documents.  Defendants' objections are overruled.

24   Defendants shall amend their responses to specifically identify, by date/author or page number,

25   those documents responsive to requests nos. 63-75.  Again, defendants shall follow the procedure

26   described in the last sentence of the ruling on Request No. 42.

1          IT IS HEREBY ORDERED that:

2          1.  Defendants' June 16, 2006 motion for protective order is denied.  Plaintiff is

3   granted authority to notice 16 additional depositions:  Virginia Kegg, Marie Curran, Ivory

4   Cummings, Lt. Moffitt, Director Richard Kai, Dr. Ben Templeton, Dr. Paul Woodward, Security

5   Supervisor Palacioz, Robert Caputi, Dr. Sanford Dietzen, James Fernandes, Person Most

6   Knowledgeable (PMK) regarding maintenance of records at Preston, Lubertha Lester, Pat

7   Thomas, Dr. Eric Trupin, and the "Deputy Director" responsible for the access and delivery of

8   mental health care at Preston (identified during the deposition of Dr. Eldon Olson).  Plaintiffs

9   may also depose defendant Jerry Harper.  However, plaintiffs must seek leave of court before

10  noticing the deposition of anyone else.

11         2.  Plaintiffs' June 16, 2006 request for sanctions is denied.

12         3.  Plaintiffs' June 26, 2006 motion to compel further responses to requests for

13  production, set no. 2, is granted in part and denied in part, as noted above.

14  DATED:  July 26, 2006.

15

16                                          _____
                                            UNITED STATES MAGISTRATE JUDGE
17

18  /001;whitfield.oah

19

20

21

22

23

24

25

26