1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

ALAN FEASTER, GLORIA FEASTER, and    )
10 THE ESTATE OF DURRELL FEASTER, by    )
Alan Feaster and Gloria Feaster,     )
11                                      )        2:04-cv-2730-GEB-JFM
                    Plaintiffs,        )
12                                      )
            v.                         )        ORDER*
13                                      )
STATE OF CALIFORNIA; STATE           )
14 OF CALIFORNIA YOUTH AUTHORITY;       )
JERRY HARPER; WALTER ALLEN III;      )
15 JEFF HARADA; DR. PARAGUAN; and       )
HAMID SIAL, M.D.,                    )
16                                      )
                    Defendants.        )
17 _____ )

18          Plaintiffs move to modify the Status (Pretrial Scheduling)

19 Order ("Scheduling Order") to extend the deadline for Plaintiffs to

20 "seek leave to amend their Complaint for the purpose of . . . naming

21 Doe defendants," and to extend the deadlines for expert disclosures,

22 discovery, and dispositive motions.[1]  (Pls.' Mot. at 2.)  Defendants

23

24          *    This motion was determined to be suitable for decision
25 without oral argument.  L.R. 78-230(h).

26          [1]    Plaintiffs "ask the Court to take Judicial Notice of the
motion for a similar expansion of the Scheduling Order filed by
27 Fonda Whitfield . . . in the 'sister' case related hereto, CASE NO.
CIV S-04-2729 GEB (JFM)."  The request is granted.  All references
28 to the Plaintiffs' motion and Defendants' opposition refer to those
filed in related case 2:04-cv-2729-GEB-JFM.

1

1  oppose the motion to the extent Plaintiffs seek to modify the

2  amendment deadline, but do not oppose any of the other requested

3  modifications to the Scheduling Order.  (Defs.' Opp'n at 2, n.1.)

4      The Scheduling Order, which was filed April 30, 2005,

5  granted Plaintiffs "sixty (60) days . . . to file a motion in which

6  leave is sought under [Federal Rule of Civil Procedure] 15(a) to file

7  an Amended Complaint which . . . add[s] a party to this action."[2]

8  (Scheduling Order at 2.)  Once a Scheduling Order establishes a

9  deadline for amendment of the pleadings, modification of that deadline

10  is governed by the "good cause" standard of Rule 16(b).  Johnson v.

11  Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The

12  "good cause" standard primarily considers the diligence of the party

13  seeking the modification.  Id.  If the deadline "cannot reasonably be

14  met despite the diligence of the party seeking the extension," then

15  "[t]he district court may modify the pretrial schedule."  Id.

16      Plaintiffs argue "good cause" exists to modify the

17  Scheduling Order because Defendants recently produced discovery

18  documents that revealed "the identities of several potential Doe

19  defendants . . . ."  (Pls.' Mot. at 5.)  Plaintiffs assert they

20  initially requested these documents in early March 2005, nearly four

21  months before the amendment deadline, but Defendants objected to their

22  request and refused to produce any of the documents.  (Id. at 2-3.)

23  Plaintiffs contend they "acted with diligence in trying to obtain

24  these documents" by first attempting to resolve the discovery dispute

25  informally, and when that attempt failed, by filing a motion to

26  compel.  (Id. at 4.)  Plaintiffs assert that despite these efforts,

27

28      [2]  All subsequent references to "Rules" are to the Federal
Rules of Civil Procedure.

2

Defendants intentionally delayed production of the documents until fourteen months after their initial discovery request and the "opportunity . . . to amend the Complaint and to add Doe defendants had expired."[3]   (Id.)   Defendants rejoin that they did not intentionally delay production, and that the fourteen month holdup resulted from their "good faith" attempts to obtain a protective order.  (Defs.' Opp'n at 3, n.2.)  Defendants argue the amendment deadline in the Scheduling Order should not be modified because "[w]ithout knowing who (if anyone) Plaintiffs may want to add as additional defendants, the Court is not in a position to assess any of the[] factors" considered under "the standard of Rule 15 for motions for leave to amend a complaint."  (Id. at 3.)

However, an examination of the Rule 15 standard would be premature because at this time, Plaintiffs only seek modification of the amendment deadline in the Scheduling Order to obtain additional time to file a motion in which leave is sought under Rule 15 to file an amended complaint identifying the Doe Defendants.  See Johnson, 975 F.2d at 608 ("party seeking to amend pleading after date specified in

---

[3]    Plaintiffs filed their motion to compel before the Magistrate Judge on August 29, 2005. On September 19, 2005, the Magistrate Judge ordered Defendants to submit the documents for in camera review. In response, Defendants filed a motion for reconsideration of the Magistrate Judge's Order.  The motion was denied on October 4, 2005, and Defendants lodged the documents on October 21, 2005.
      On December 21, 2005, the Magistrate Judge granted the motion to compel and ordered Defendants to produce the documents to Plaintiffs within ten days. Defendants again filed a motion for reconsideration of the Magistrate Judge's Order. An Order filed March 24, 2006, denied the reconsideration motion.
      Defendants then sought reconsideration of the Order filed March 24, 2006.  The motion was denied April 27, 2006. Defendants provided Plaintiffs with some of the documents on May 9, 2006, and the remaining documents on May 15, 2006.

scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' [is] shown, the party must demonstrate that amendment [is] proper under Rule 15").  Plaintiffs assert that additional time to file such a motion is necessary because, although a "cursory review of the documents produced by Defendants reveals . . . the identities of several potential Doe defendants," Plaintiffs need "adequate time to review and analyze the documents, notice depositions, and propound discovery" to determine "how th[e] conduct [of these persons] . . . relate[s] to the issues herein."  (Id. at 5.)

Determination of the diligence component of the good cause standard is a difficult issue here, but confining the analysis to the parties' briefs indicates Plaintiffs' motion should be granted. Plaintiffs requested the discovery documents approximately four months before the amendment deadline, diligently pursued production of the documents from Defendants, but did not receive the documents until after the amendment deadline had expired.  Under these circumstances, Plaintiffs have demonstrated good cause exists to modify the amendment deadline in the Scheduling Order.  Therefore, Plaintiffs have until September 5, 2006, to file a motion in which leave is sought under Rule 15 to file an Amended Complaint that adds a party or parties to this action; if leave is not sought as stated, the Doe Defendants will be automatically dismissed from this action.[4]

In addition, Plaintiffs' request to modify the deadlines for expert disclosure, discovery, and dispositive motions is granted since

---

[4]     An Order filed December 21, 2005, dismissed the Doe Defendants from this action because Plaintiffs had not sought leave to amend their Complaint before the expiration of the amendment deadline. (Order, December 21, 2005, at 1, n.1.)  The dismissal of the Doe Defendants in that Order is vacated.

Plaintiffs have satisfied the good cause standard and Defendants failed to object to the requested modifications.[5]  However, the new deadlines Plaintiffs propose do not appear workable, particularly if Plaintiffs successfully move to add a new party.  Therefore, the expert disclosure, discovery, and dispositive motion deadlines in the Scheduling Order are vacated; a Status Conference is scheduled to commence at 9:00 a.m. on September 25, 2006.  The parties shall file a joint status report no later than seven (7) days prior to the status conference.[6]

IT IS SO ORDERED.

Dated:  July 31, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[5]   Defendant Harper does not object to the modifications and requests that the deadlines be further extended.  (Def. Harper Resp. at 1-2.)

[6]   The parties are reminded that "[t]he failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the document shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties." (Scheduling Order at 7, n.5).